1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DELTONA TRANSFORMER
CORPORATION,

                                    Plaintiff,

          v.

THE NOCO COMPANY,

                                    Defendant.

No. 2:20-mc-00044-RSL

**NONPARTY AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND TO OVERRULE OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS**

Underlying Case: *Deltona Transformer Corporation v. The NOCO Company*, No. 6:19-cv-00308-CEM-LRH (M.D. Fla.)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

Amazon.com, Inc. ("Amazon") is not a party to this lawsuit.  As a nonparty, Amazon is entitled to greater protection from discovery than the parties.  *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).  Plaintiff Deltona Transformer Corporation ("Plaintiff" or "DTC") seeks to compel production of information from Amazon that it could easily obtain directly from Defendant The NOCO Company ("Defendant" or "NOCO").  The duplicative nature of the requests is betrayed by Plaintiff's own conclusive argument that it "has good cause to believe that NOCO has failed to produce the entire universe of responsive documents[,]" and as such, Plaintiff seeks nonparty Amazon's production "to independently verify DTC has received complete production of NOCO's infringing behavior." (ECF No. 1 at 5.)  Plaintiff's speculation does not justify imposing on nonparty Amazon the burden of retrieving, reviewing, exporting, and compiling redundant data in response to Plaintiff's oppressive demands for cumulative and duplicative discovery.  And in any event, nonparty Amazon has produced a list that allows the parties themselves to independently verify the completeness of NOCO's production.  This more than satisfies Amazon's obligations, and properly leaves any further production up to NOCO as a party to the litigation.

Plaintiff moves to compel Amazon to produce three categories of information concerning Defendant's advertising campaigns:  (1) "campaign performance reports," which contain sensitive financial information, such as budget, click-through rate, spend, and sales, of all of NOCO campaigns containing the phrase "Battery Tender" (Request No. 6); (2) copies of all of NOCO advertisements containing the phrase "Battery Tender" (Request No. 7); and (3) all "sales revenue generated by any Amazon advertisement or campaign" containing the phrase "Battery Tender" (Request No. 11).  (ECF No. 1 at 8-9.)

As Plaintiff concedes, Defendant has produced all such data and advertisements for twenty-four campaigns.  (ECF No. 1 at 4-5.)  But according to Plaintiff, "NOCO has many more campaigns in which the advertisement title contains 'Battery Tender' but has refused to produce the same."  (*Id.* at 5.)  Not satisfied with the information it has already obtained or can

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 1
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

1  further obtain from Defendant, Plaintiff looks to nonparty Amazon to produce Defendant's

2  advertising campaigns and data "to ensure independent confirmation." (*Id.*)  Amazon has

3  already expended significant time and resources in its efforts to reasonably narrow the scope of

4  information sought and to comply within reason.  Amazon has also produced the sales data

5  demanded by Plaintiff, and it has produced a list of all potentially responsive NOCO campaigns

6  to both parties.  The additional burden Plaintiff seeks to impose on Amazon is entirely

7  unnecessary and uncalled for here.

8          As this Court has repeatedly held, a party's desire for cumulative information available

9  from other parties does not justify burdening a nonparty like Amazon.  *See, e.g.*, *Arista Records*

10  *LLC v. Lime Grp. LLC*, 2011 WL 679490, at *1-3 (W.D. Wash. Feb. 9, 2011) (denying motion

11  to compel nonparty Amazon to produce documents in underlying copyright infringement case

12  where documents requested were duplicative or available from a party and unduly

13  burdensome).  The Court should deny Plaintiff's motion to compel.

14              **II.    FACTUAL AND PROCEDURAL BACKGROUND**

15      **A.    Amazon Made Substantial Efforts to Cooperate and to Reasonably Narrow**
            **the Scope of Plaintiff's Document Subpoena.**

16          In connection with its trademark infringement claims against Defendant in a case

17  pending in the Middle District of Florida, No. 6:19-cv-00308-CEM-LRH (M.D. Fla.)

18  ("Underlying Case"), on August 12, 2019, Plaintiff issued a subpoena containing 16 document

19  requests to Amazon.  (ECF No. 1-3.)  The subpoena seeks production of broad categories of

20  documents.[1]  The information sought belongs to and is available to Defendant NOCO.  On

21  August 19, 2019, Amazon timely objected to the subpoena on grounds including overbreadth,

22  privacy, and Plaintiff's failure to reduce burden on nonparty Amazon.  *See* Ahn Decl. Ex. A.

23

24

25  _____

26  [1] The original requests include demands for production of "*[a]ll* documents and information, including electronic
    submissions, messages or communications" between Amazon and Defendant "that include the phrase 'Battery
    Tender,'" and "*[a]ll* documents, including reports, concerning NOCO's use of the phrase 'Battery Tender' as a
27  search term, keyword, phrase match, broad match, metatag, and/or in a webpage title on Amazon." (*See* ECF No.
    1-3 at 12-14.)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

1    Since late October of 2019, Plaintiff and Amazon have engaged in an extensive meet

2    and confer process to discuss and negotiate the appropriate scope of Plaintiff's requests. *Id.* ¶

3    4. As Plaintiff acknowledges, Amazon and Plaintiff remained in constant communications,

4    engaging in numerous phone conferences and email exchanges. *Id.* ¶ 5. Throughout the

5    process, Amazon has maintained its objection that as a nonparty, it would not produce

6    information that is readily accessible to Defendant. *Id.* ¶ 6. As discussed below in subpart B,

7    Amazon produced the NOCO sales data sought by Plaintiff. Amazon also undertook

8    substantial efforts to consult with its internal advertising team regarding the extensive and time-

9    intensive efforts that would be necessary to comply with Plaintiff's requests for NOCO

10   advertising data, which would otherwise be readily available to NOCO. *See* Ahn Decl. ¶ 7.

11   This ultimately led to a list of the 52 potentially responsive campaigns that Amazon produced

12   to both parties, as discussed in subpart C below.

13          **B.      In Response to Plaintiff's Second Subpoena and in Further Efforts to
                      Cooperate, Amazon Produced Responsive Sales Data.**

14          On January 22, 2020, while Amazon and Plaintiff were engaged in discussions

15   regarding Plaintiff's document requests, Plaintiff issued a second subpoena to Amazon

16   commanding Amazon to designate a corporate representative to appear for a deposition to

17   testify on five broad topics. *Id.* ¶ 8. Among other things, Plaintiff sought testimony regarding

18   "total sales revenue and units sold from 2014 through present for sales of NOCO's battery

19   charger products" as identified by 22 Amazon Standard Identification Numbers ("ASINs")

20   (Topic No. 3.) Ahn Decl. Ex. B, ¶ 9. Amazon timely objected to Plaintiff's subpoena, Ahn

21   Decl. Ex. C, engaged in further meet and confer with Plaintiff, and agreed to search for and

22   produce sales data for the ASINs identified by Plaintiff. *Id.* ¶ 10. On February 3, 2020,

23   Amazon made a production of responsive sales data. *Id.* ¶ 11. As indicated in Plaintiff's

24   moving papers, Amazon has also agreed to search for and produce sales data on one ASIN that

25   seems to be missing from the initial production. *Id.* ¶ 12. Accordingly, Plaintiff's instant

26

27

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 3
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

motion as it relates to Request No. 11 will become moot upon Amazon's anticipated

production.

**C.      Plaintiff Refuses to Limit the Scope of Unduly Burdensome Requests and Insists Production in Response to Requests 6 and 7.**

Despite its timely objections, Ahn Decl. Ex. C, Amazon has attempted to cooperatively

resolve this dispute without the Court's intervention.  The burden Plaintiff imposes on nonparty

Amazon is amplified by the parties' disputes as to the appropriate scope of discovery in the

Underlying Case.  Amazon has expended considerable resources to identify 52, out of more

than 4,000 campaigns, that contain "Battery Tender" in the campaign name.  *Id*. ¶ 13.  While

Plaintiff now demands the metadata and copies of the advertisements for all of these 52

campaigns, Defendant contends that only campaigns that contain "Battery Tender" in the text

or image of the advertisement are within the scope of discovery.  *Id*. ¶ 14.  Amazon has

repeatedly expressed its reluctance to determine the appropriate scope of discovery.  *Id*. ¶ 15.

More importantly, however, Defendant has ready access to the advertisements and the metadata

sought for all 52 campaigns.

In its last effort to cooperate without determining the appropriate scope of discovery in

the Underlying Case and without the Court's intervention, on June 28, 2020, Amazon made a

production of the list of the 52 campaigns to both parties.  *Id*. ¶ 16, Ex. D.  Once again,

Amazon explained that it is not Amazon's role to resolve disputes between the parties and

Amazon should not be subject to the burden of producing information that is readily available

to Defendant.  *Id*. Ex. D.  Both parties now have the list of 52 campaigns.  *Id*. ¶ 17.  NOCO

could easily pull and produce any of the campaigns that it has not yet produced, and which are

responsive and appropriately produced in the litigation.  In light of Amazon's recent

production, Amazon requested that Plaintiff withdraw its pending motion to compel but

Plaintiff has refused to do so "unless and until [Amazon] provides all responsive documents

subject to the motion to compel."  *Id*. ¶ 18, Ex. E.

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 4
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

### III.   LEGAL STANDARD

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1).  A nonparty is entitled to greater protection from discovery burdens than a party to the underlying litigation.  *See Dart*, 649 F.2d at 649 ("While discovery is a valuable right and should not be unnecessarily restricted [], the 'necessary' restriction may be broader when a nonparty is the target of discovery.").  As this Court has made clear, "discovery against a nonparty is more limited than the liberal discovery against parties." *Rollins v. Traylor Bros., Inc.*, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017).  "Whether a subpoena imposes an undue burden depends on the relevance of the information requested, and the burden imposed." *Id*.  Thus courts "must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target." *Troupe v. Blakeman*, 2016 WL 1055649, at *7 (W.D. Wash. Feb. 4, 2016).  "[G]eneral discovery limitations apply with equal force to subpoenas to third parties." *Myhrvold v. Lodsys Grp., LLC*, 2013 WL 5488791, at *2 (W.D. Wash. Sept. 27, 2013).  Accordingly, all discovery requests must be narrowly tailored to what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

The party moving to compel against a nonparty bears the burden of showing the requests are relevant and necessary.  *See Kaiyala v. City of Seattle*, 1992 WL 396329, at *2 (W.D. Wash. Sept. 21, 1992) ("plaintiff has not yet demonstrated that the burden his discovery would impose on [the nonparties] is justified by the probative value of the material he seeks"); *In re Allergan, Inc.,* 2016 WL 5922717, at *3 (C.D. Cal. Sept. 23, 2016) ("The party moving to compel discovery bears the 'initial burden' of demonstrating that the discovery request at issue satisfies the relevancy requirement.") (citing *Integrated Glob. Concepts, Inc. v. j2 Glob., Inc.*, 2014 WL 232211, at *1 (N.D. Cal. Jan. 21, 2014)).

The Federal Rules do not permit parties to obtain duplicative or cumulative information from nonparties.  Rule 45 requires parties to "take reasonable steps to avoid imposing undue burden or expense" on nonparties.  Fed. R. Civ. P. 45(d)(1).  As a corollary, parties cannot

request discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  When parties demand unreasonably cumulative or duplicative information, the Court "must" quash or modify the requests. Fed. R. Civ. P. 26(b)(2)(C).  The Court also must quash or modify when the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii), or when the discovery is disproportionate to the needs of the case, Fed. R. Civ. P. 26(b)(2)(C)(iii).

### IV.    ARGUMENT

### A.    Plaintiff and Defendant Have the Information Plaintiff Purports to Need.

This Court regularly holds that parties cannot seek duplicative or cumulative information from a nonparty like Amazon, and protects nonparties against such abuse.  *See, e.g.*, *Columbia Asset Recov. Grp., LLC v. Phoenix Processor Ltd. P'ship*, 2014 WL 813796, at *3 (W.D. Wash. Mar. 3, 2014) ("When information is held by both a party and a non-party, there is generally no reason to foist the burden of production onto the non-party."); *Arista Records*, 2011 WL 679490, at *1-3 (protecting nonparty Amazon in connection with copyright infringement case where documents defendants requested were obtainable from plaintiffs directly, or were irrelevant, and where the hardship to Amazon outweighed defendants' need); *Smyth v. Merchants Credit Corp.*, 2013 WL 5200811, at *3 (W.D. Wash. Sept. 16, 2013) ("Because the rules of discovery do not require duplicate production of documents, [the nonparty] is not required to re-produce documents previously made available to Plaintiff."); *Harvest Bank of Maryland v. Countrywide Home Loans, Inc.*, 2010 WL 11527320, at *2 (W.D. Wash. June 16, 2010) ("But most importantly, in light of the fact that [plaintiff] has already commenced efforts to obtain these documents from [defendant], [a nonparty] should not have to undertake a time-consuming search for them.  Because [plaintiff] has not exhausted its efforts to obtain the documents from others, the court will not require duplicative and burdensome effort on [a nonparty's] part."); *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 2010 WL 11527270, at *2 (W.D. Wash. Jan. 4, 2010) (protecting nonparties where "[m]ore

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 6
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

problematic [was] the fact that all these requests are duplicative of RFPs Plaintiff has served

directly upon Defendants [and] Defendants have already responded to requests for this

information"), *reconsidered on other grounds*, 2010 WL 11527322 (W.D. Wash. Feb. 16,

2010); *Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1272-73 (W.D. Wash. 2010)

(document requests on nonparty were cumulative where defendants could depose plaintiff for

the information and already possessed some of the documents they sought) (awarding fees in

favor of nonparty); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)

("these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily

and inexpensively obtain the documents from defendant, rather than from [the] nonparty").

A party attempted Plaintiff's same improper tactic against Amazon in *Arista Records*.

There, the parties were litigating a copyright infringement case in New York where damages

were at issue.  2011 WL 679490, at *1.  Defendants in that case subpoenaed Amazon for

records they contended were relevant to lost profits damages, but Amazon objected because the

records were obtainable from the plaintiffs directly, and because the information was

burdensome and irrelevant.  *Id.*  The Court agreed with Amazon and denied Defendants'

motion to compel.  "A party should not be permitted to seek information from a non-party that

they can obtain or have obtained from the opposing party, and that is not relevant to the

underlying case. . . . When an opposing party and non-party both possess documents, the

documents should be sought from the party to the case."  *Id.* at *1-2.

The same reasoning and result apply here.  Plaintiff offers no valid reason to obtain

discovery from nonparty Amazon that duplicates the discovery Plaintiff already received or can

readily obtain from Defendant.  Plaintiff concedes that it sought the same information from

Amazon as from Defendant, but argues that it "has good cause to believe that NOCO has failed

to produce the entire universe of responsive documents," so Plaintiff is entitled to an

"independent confirmation."  (ECF No. 1 at 5.)  Case law says otherwise.  *Arista Records*, 2011

WL 679490, at *1-3.

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 7
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

The Court should not endorse Plaintiff's effort to burden nonparty Amazon with demands for duplicative and cumulative data.  Amazon has already gone further than it should be required to by producing a list of all potentially responsive NOCO campaigns to the parties. This more than satisfies any "independent confirmation" needed.  NOCO can easily produce any additional campaigns from this list that are appropriate, and it is up to the parties to resolve any related discovery disputes.

### B.  Plaintiff Seeks Irrelevant Documents that Do Not Justify Imposing an Undue Burden on Nonparty Amazon.

Under the balancing test for relevance, need, and burden applicable here, *Troupe*, 2016 WL 1055649, at *7, the substantial burden already undertaken and further imposed on nonparty Amazon outweigh Plaintiff's alleged need for data regarding all of NOCO's advertising campaigns titled "Battery Tender."  Notably, the parties now have a complete list of Defendant's campaigns that contain "Battery Tender" in the campaign name.  Ahn Decl. Ex. D.

Whether information is at all relevant to the underlying case is "fundamentally different from the question [of] whether the requested information [is] *relevant enough* to justify on balance a decision to impose the burden of information production on the subpoenaed non-party."  *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 200 (N.D. Ill. 2012).  Much of the data sought may not be relevant at all, let alone "relevant enough" to justify further burdening nonparty Amazon.  That is particularly true where the parties have access to all of the information sought, and are far better equipped to make responsiveness and relevance determinations.

### C.  The Court Should Award Amazon Its Attorneys' Fees.

Plaintiff could have easily obtained all the information sought in this motion from Defendant, but instead sought to burden Amazon and this Court with an unnecessary motion. Amazon is entitled to its attorneys' fees pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.  The Court must enforce the issuing party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "impose an

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 8
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

1  appropriate sanction—which may include . . . reasonable attorney's fees—on a party or

2  attorney who fails to comply."  Fed. R. Civ. P. 45(d)(1).  Plaintiff served two subpoenas on

3  Amazon seeking duplicative and cumulative information it should instead obtain directly from

4  Defendant.  Amazon has already engaged in an extensive meet and confer process with

5  Plaintiff to reasonably narrow the scope of the information sought.  More importantly, Amazon

6  has produced a list identifying 52 potentially relevant campaigns at issue and NOCO's sales

7  data.  Nonetheless, Plaintiff insists that Amazon must do more by retrieving, reviewing, and

8  producing underlying metadata and advertisements to the campaigns.  *See Harvest Bank*, 2010

9  WL 11527320, at *2 (finding sanctions appropriate where "it appear[ed] that neither [plaintiff]

10  nor its counsel took adequate steps to avoid imposing an undue burden on [the nonparty]" and

11  "compliance with the Subpoena would have imposed an undue burden on [the nonparty]").

12  ## V.   CONCLUSION

13       Amazon respectfully requests that the Court deny Plaintiff's motion in its entirety and

14  award attorneys' fees to Amazon.

15       DATED this 29th day of June, 2020.

16                           DAVIS WRIGHT TREMAINE LLP

17                           Attorneys for nonparty Amazon.com, Inc.

18                           By  */s/ James Howard*

19                              James Howard, WSBA #37259

20                              920 Fifth Avenue, Suite 3300

                            Seattle, WA 98104

21                              Tel: (206) 622-3150; Fax: (206) 757-7700

22                              jimhoward@dwt.com

23

24

25

26

27

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to all CM/ECF

4

registered participants.

5

DATED this 29th day of June, 2020.

6

7

/s/  *James Howard*
James Howard

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NONPARTY AMAZON.COM, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL (No. 2:20-mc-00044-RSL) - 10
4843-4553-3121v.3 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax